# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-1040 PA (KSx) | Date | May 30, 2017 |
|---|---|---|---|
| Title | Sidney Cohn v. Charlotte Spadaro, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed on May 24, 2017, by defendants Charlotte Spadaro and Charlotte Spadaro, Trustee of the 6th Street Trust (collectively "Defendants"). In her Complaint, plaintiff Sidney Cohn ("Plaintiff") alleges a single state law claim for unlawful detainer. Defendants assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. Defendants allege that removal is proper because "[t]his case involves a federal issue, whereas Defendants have become aware that Plaintiff acquired property from Defendant, the 6th Street Trust,

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-1040 PA (KSx) | Date | May 30, 2017 |
|---|---|---|---|
| Title | Sidney Cohn v. Charlotte Spadaro, et al. | | |

through last-minute fees which were actually usurious. Said violation should bar Plaintiff from the relief which Plaintiff has requested . . . ." (Notice of Removal, ¶ 6.) However, Defendants' allegations do not provide a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009). Additionally, Defendants' reliance on Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) is misplaced because that case involved a plaintiff's claims for violation of state usury laws, which the Court found were completely preempted by the National Bank Act. Measured by the claims asserted in the plaintiff's complaint rather than the defendant's anticipated defenses or counterclaims, the action was therefore removable under the complete preemption doctrine. See Beneficial Nat. Bank, 539 U.S. at 11, 123 S. Ct. at 2064. Here, by contrast, the Complaint's single state law claim for unlawful detainer is not completely preempted by federal law, and therefore does not present a claim "arising under" federal law.

For the foregoing reasons, Defendants have failed to meet their burden of showing that federal question jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to San Bernardino Superior Court, Case No. UDFS1702582. See 28 U.S.C. § 1447(c). Defendants' Request to Proceed in Forma Pauperis (Docket No. 3) is denied as moot.

Plaintiff's Ex Parte Application to Shorten Time (Docket No. 6) and Motion to Remand (Docket No. 7) are denied as moot.[1]

IT IS SO ORDERED.

---

[1] Plaintiff's Motion to Remand requests an award of the attorney's fees Plaintiff incurred as a result of the removal of this action. However, in violation of the Central District's Local Rules, Plaintiff's Motion to Remand was filed on the same date that the parties met and conferred regarding the filing of the motion. See L.R. 7-3 ("[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion."). Had Plaintiff waited to file her motion, as she was required to under the Local Rules, she would have avoided incurring attorney's fees. As a result, and taking into account Defendants' pro se status, the Court declines to award Plaintiff the attorney's fees incurred as a result of the removal of this action. See 28 U.S.C. § 1447(c); see also Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").